UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-80966-WPD

GREGORY MAKOZY,

          Plaintiff,

vs.

UNITED PARCEL SERVICE, INC.,

          Defendant.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS [ECF No. 15] AND PLAINTIFF'S
MOTION TO AMEND COMPLAINT [ECF No. 24]**

Pro Se Plaintiff, Gregory Makozy, initiated this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), asserting one claim for age discrimination and one claim for retaliation against Defendant, United Parcel Service ("UPS"). UPS moved to dismiss the Complaint, [ECF No. 15], and Mr. Makozy seeks leave to amend the Complaint [ECF No. 24]. United States District Judge William P. Dimitrouleas referred both motions to me for a Report and Recommendation. [ECF No. 19]. For the reasons explained below, it is **RECOMMENDED** that UPS' Motion to Dismiss be **GRANTED** and Mr. Makozy's Motion to Amend Complaint be **DENIED**.

        **I.**    **BACKGROUND AND PROCEDURAL HISTORY**

Prior to initiating this action, Mr. Makozy sued UPS in a separate case, also alleging age discrimination and retaliation. *Makozy v. United Parcel Serv.*, No. 23-

CV-21544 (S.D. Fla. Apr. 19, 2023). The district court dismissed the amended complaint in that case on October 31, 2024, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b). The dismissal was based on Mr. Makozy's abuse of the judicial process, including failing to appear at his deposition and filing "vexatious and factually unsupported motions." *Id.* at ECF Nos. 88, 93. Mr. Makozy appealed, and the Eleventh Circuit affirmed the dismissal, noting that even though the district court dismissed the case without prejudice, the statute of limitations effectively rendered the dismissal with prejudice and precluded Mr. Makozy from re-filing his case. *Makozy v. United Parcel Serv.*, No. 24-13649, 2025 WL 1873311, at *2 n.3, *4 (11th Cir. July 8, 2025).

After the Eleventh Circuit issued its opinion, Mr. Makozy moved to reopen the district court case, and his motion was denied. *Makozy*, No. 23-cv-21544 at ECF No. 102. Then, on August 4, 2025, Mr. Makozy filed the Complaint in this case, alleging age discrimination and retaliation claims based on the same facts as the previous suit. [ECF No. 1]. UPS moved to dismiss Mr. Makozy's Complaint [ECF No. 15], Mr. Makozy filed a response [ECF Nos. 20-21], and UPS filed a reply [ECF No. 22]. Then, Mr. Makozy moved to amend the Complaint to add a count for Abuse of a Senior Citizen, [ECF Nos. 24-25], which is also fully briefed.

## II.   LEGAL PRINCIPLES

*A. Motion to Dismiss Under Rule 12(b)(6)*

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a

2

claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (*quoting Twombly*, 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555 (citations omitted). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570. In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal,* 556 U. S. at 682).

3

B. *Motion to Amend Complaint*

Federal Rule of Civil Procedure 15(a)(2) provides a "liberal" standard for granting leave to amend a pleading. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Under Rule 15(a)(2), a Court should freely grant leave to amend when justice so requires, but such leave may be denied for reasons such as undue delay, undue prejudice to the non-moving party, or futility of the proposed amendment. *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005). In considering whether a proposed amendment is futile, the standard applied "is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Krome Mining Partners v. United States*, No. 09-20951-CIV, 2009 WL 10700153, at *3 (S.D. Fla. Sept. 2, 2009) (citation omitted). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see also, Murphy v. Sec'y, U.S. Dep't of Army*, 769 F. App'x 779, 783 (11th Cir. 2019) (leave to amend properly denied as futile when court lacked jurisdiction over claims).

### III. ANALYSIS

A. *Motion to Dismiss*

The sole issue presented in UPS' Motion to Dismiss is whether Mr. Makozy's claims are time-barred. [ECF No. 15]. To pursue a claim under the ADEA, an individual must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful practice occurred. 29 U.S.C. §

626(d)(1)(A). If the EEOC dismisses the charge or otherwise terminates the proceedings, it must notify the aggrieved party. 29 U.S.C. § 626(e). Then, the individual may file an action in federal district court, but must do so within 90 days of receiving the EEOC's notice. *Id.*; *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000).

"For purposes of a limitations period, an action that is dismissed without prejudice is ordinarily treated as never filed." *Wright v. Waste Pro USA, Inc.*, 69 F.4th 1332, 1336 (11th Cir. 2023). The Eleventh Circuit has explained:

> We have recognized on many occasions that when a timely complaint is dismissed without prejudice, a later action that is filed outside the period of limitations is untimely, as it would be if the previous action had never existed. *See, e.g.*, *Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982). That rule makes sense because when a plaintiff files a second complaint after his first is dismissed, the second complaint commences a new action. That new action is what must satisfy the limitations period. *Cf. Dade Cnty.*, 826 F.2d at 989.

*Id.* at 1337. Further, dismissal of an ADEA complaint without prejudice "does not allow a later complaint to be filed outside the statute of limitations." *Bost v. Fed. Exp. Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citing *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)); *Miller v. Ga.*, 223 F. App'x 842, 845 (11th Cir. 2007) (ADEA claims brought outside 90-day deadline after involuntary dismissal of complaint were untimely).

It is undisputed that Mr. Makozy submitted a charge to the EEOC in 2022 alleging age discrimination and received a Notice of Right to Sue from the EEOC on

5

January 25, 2023. [ECF No. 1] ¶ 4. Thus, the deadline to file a complaint in district court was April 25, 2023. Mr. Makozy filed this Complaint on August 4, 2025. [ECF No. 1].

UPS argues that the ADEA bars Mr. Makozy from pursuing claims because this lawsuit was initiated 922 days after he received his Notice of Right to Sue, well outside the 90-day deadline. [ECF No. 15] at 2. In response, Mr. Makozy contends that his case is not subject to the statute of limitations because "it is still ongoing" as a continuation of the previous case, and he "had no choice but to file this current suit since [the previous case] was dismissed without prejudice" and his motion to re-open was denied. [ECF No. 20] at 1. While the instant Complaint may be based on the same facts and circumstances as Mr. Makozy's complaint in the previous action, it is still considered a newly filed case under Eleventh Circuit precedent and subject to the statute of limitations for ADEA and Title VII claims. *See Wright*, 69 F.4th at 1336–37.

In addition, the Eleventh Circuit specifically acknowledged that even though the district court dismissed Mr. Makozy's original case without prejudice, the dismissal was "effectively with prejudice" because any newly filed case would be time-barred. *See Makozy*, No. 24-13649, 2025 WL 1873311, at *2 n.3, *4 ("In sum, the district court did not abuse its discretion in dismissing Makozy's complaint for failure to prosecute, effectively with prejudice. . . ."). Accordingly, the claims are time-barred.

Mr. Makozy appears to argue that equitable tolling applies to his claims. Equitable tolling "is an extraordinary remedy [that] should be extended only

6

sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Although a court may equitably toll a limitations period, a plaintiff must establish that tolling is warranted. Mr. Makozy must allege that equitable tolling is appropriate "because of extraordinary circumstances that [we]re both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling." *Williams v. United States*, No. 11-CV-8048, 2013 WL 4500632, at *2 (N.D. Ala. Aug. 21, 2013) (listing cases).

Here, Mr. Makozy cannot show that an extraordinary circumstance prevented him from timely filing the Complaint, especially because the Eleventh Circuit has already affirmed the district court's dismissal of his original case with prejudice and noted that his claims would be time-barred.

Finally, to the extent Mr. Makozy contends that his Complaint relates back to his previous lawsuit, the "relation back doctrine has application only in instances where an original pleading is amended. . . . The amendment does not . . . relate back to any prior proceedings . . . not part of the action in question." *Merritt v. Knowles*, No. 24-CV-1365, 2025 WL 1952035, at *7 (M.D. Fla. July 16, 2025) (quoting *Rayo v. New York*, 882 F. Supp. 37, 40 (N.D.N.Y. 1995)); *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994); *see also Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (pleading cannot relate back to a previously filed pleading dismissed without prejudice "because there is nothing for the current petition to relate back to"). Accordingly, the relation back doctrine does not apply.

C. *Motion for Leave to Amend*

Mr. Makozy next seeks leave to amend his Complaint to assert a claim for "Abuse of a Senior Citizen" in addition to the discrimination and retaliation claims. [ECF Nos. 24–25]. Because amendment would be futile, leave to amend should be denied.

First, as discussed above, Mr. Makozy's discrimination and retaliation claims are untimely and due to be dismissed with prejudice. Second, the proposed amended complaint fails to allege subject matter jurisdiction to assert a claim for Abuse of a Senior Citizen. It does not cite any federal statute or basis for federal question jurisdiction under 28 U.S.C. § 1331, nor does it allege an amount in controversy that exceeds $75,000 and diversity of citizenship among the parties as required under 28 U.S.C. § 1332(a). [ECF No. 25]. As a result, Count III of the proposed amended complaint would be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), and the Motion for Leave to Amend should be denied.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court (1) **GRANT** UPS' Motion to Dismiss Plaintiff's Complaint [ECF No. 15], and (2) **DENY** Mr. Makozy's Motion for Leave to Amend Complaint [ECF No. 24].

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable William P. Dimitrouleas, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of November 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE