UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-80966-WPD

GREGORY MAKOZY,

      Plaintiff,

v.

UNITED PARCEL SERVICE,

      Defendant.

_____/

**ORDER APPROVING REPORT AND RECOMMENDATION OF MAGISTRATE
JUDGE; OVERRULING OBJECTION; DISMISSING COMPLAINT**

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate

Judge Bruce E. Reinhart (the "Report") [DE 28], issued on November 4, 2025. The Court has

conducted a *de novo* review of the Report [DE 28], Plaintiff Gregory Makozy ("Plaintiff")'s

Objection to Report and Recommendation [DE 29], and is otherwise fully advised in the

premises.

A party seeking to challenge the findings in a report and recommendation of a United

States Magistrate Judge must file "written objections which shall specifically identify the

portions of the proposed findings and recommendation to which objection is made and the

specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006)

(quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be

sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784

(citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific

objection to a finding in the report and recommendation, the district court must conduct a *de*

*novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's Objections to Magistrate Judge's Report and Recommendation.

The Court agrees with the Magistrate Judge's analysis and conclusions that this action is time-barred and that Plaintiff fails to show that an extraordinary circumstance prevented him from timely filing the Complaint, "especially because the Eleventh Circuit has already affirmed the district court's dismissal of his original case with prejudice and noted that his claims would be time-barred." *See* [DE 28] at p. 7. Additionally, the relation-back doctrine is not applicable to this case because a pleading cannot relate back to a previously filed pleading dismissed without prejudice. *See id.* Finally, the Court agrees with the Magistrate Judge that amendment would be futile. *See id.*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 28] is hereby **APPROVED**;

2. Plaintiff's Objection [DE 29] is **OVERRULED**;

3. Defendant UPS' Motion to Dismiss Plaintiff's Complaint [DE 15] is **GRANTED**;

4. The Complaint [DE 1] is **DISMISSED WITH PREJUDICE** as the claims are untimely for the reasons set forth in the Report [DE 28];

5. Plaintiff's Motion to Amend Complaint [DE 24] is **DENIED**, as amendment would be futile for the reasons set forth in the Report [DE 28];

6. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this 17th day of November, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Reinhart
Counsel of record and *pro se* parties